UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

   - against -

RAYMOND RICARDO SIMPSON,

           Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CR-0836 (RRM)(JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

Defendant Raymond Ricardo Simpson ("Simpson") is charged by indictment with one count of illegal re-entry in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2) and 18 U.S.C. §§ 1351 *et. seq.* (Doc. No. 9.) Through appointed counsel, Simpson moved to dismiss the indictment, alleging, *inter alia*, that he was denied effective assistance of counsel during the underlying deportation proceeding. (Doc. No. 15.)[1] The parties' familiarity with the facts and procedural history of this case is assumed. The thrust of defendant's motion centers on counsel's failure to assert defendant's possible derivative citizenship as grounds for estoppel and other procedural and/or equitable relief to prevent his deportation in 2005.[2]

Defendant's motion to dismiss was referred to the assigned Magistrate Judge, the Honorable James Orenstein, for a Report and Recommendation ("the R&R"). Judge Orenstein

---

[1] Although represented by appointed counsel, Simpson initially filed a *pro se* motion to dismiss the indictment. (Doc. No. 14.) While the *pro se* motion advanced a theory that dismissal is proper because Simpson is a derivative citizen, the motion filed by counsel asserted several other bases for dismissal and omitted any mention of Simpson's *pro se* motion or the argument he asserted therein. On January 24, 2011, the U.S. Attorney filed a response to Simpson's December motion to dismiss, and noted that defense counsel had contacted the U.S. Attorney and indicated that Simpson wished to withdraw his *pro se* motion. Opp'n to Mot. to Dismiss (Doc. No. 16.) at 8 n.5. Subsequently, Simpson has not mentioned the *pro se* motion in any papers filed with this Court, including his objections to the R&R. Thus, this Court will treat the *pro se* motion as having been withdrawn by Simpson and will rule only on the motion filed by counsel.

[2] Defendant has not raised in this motion the issue of whether he is, in fact, a derivative citizen. (Gov't Opp. (Doc. No. 16) at 8 n.5.)

issued an R&R denying Simpson's motion to dismiss (Doc. No. 30), to which Simpson timely objected (Doc. No. 31).[3]

When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report strictly for clear error. *See, e.g.*, *Frankel v. City of New York*, No. 06-CV-5450, 2009 U.S. Dist. LEXIS 14864, at *4-6 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vega v. Artuz*, No. 97-CV-3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002). Objections to a report must be specific and clearly aimed at particular findings of the magistrate judge. *Camardo*, 806 F. Supp. at 381-82. Put another way, a party is not to be afforded a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1285-86 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation omitted). When a party simply reiterates the original arguments made to the magistrate judge, the court will review the report

---

[3] The Government did not file any opposition to defendant's objections.

strictly for clear error. *Carroll v. David*, No. 04-CV-0307, 2009 U.S. Dist. LEXIS 19356, at *3 n.1 (N.D.N.Y Mar. 11, 2009); *see also Camardo*, 806 F. Supp. at 382.

Here, defendant does nothing more than voice his disagreement with the findings and conclusions of the magistrate judge. His objections, while directed at specific findings, wholly reiterate arguments made and rejected by Judge Orenstein. *Compare, e.g.*, Def.'s Objections (Doc. No. 31) at 1-2, *with* Def.'s Reply (Doc. No. 17) at 3; Def.'s Objections (Doc. No. 31) at 2-3 *with* Def.'s Reply (Doc. No. 17) at 5; Def.'s Objections (Doc. No. 31) at 2-3 *with* Def.'s Reply (Doc. No. 17) at 5-6; Def.'s Objections (Doc. No. 31) at 3 *with* Def.'s Br. (Doc. No. 15) at 5 *and* Def.'s Reply (Doc. No. 17) at 6. However, in an abundance of caution, this Court has conducted a *de novo* review of record and the magistrate judge's thorough and well-reasoned R&R, and finds defendant's objections to be without merit. As such, the Court adopts the R&R in its entirety for the reasons set forth therein, and DENIES defendant's motion to dismiss.

Briefly put, the magistrate judge correctly applied the proper standard for assessing Simpson's various claims of ineffective assistance of counsel (R&R (Doc. No. 30) at 6-7), and properly found them meritless.

First, the magistrate judge correctly held that the interactions between defendant and immigration officials on which defendant relies to claim derivative citizenship do not qualify as an adjudication sufficient to raise viable claims of collateral estoppel and/or *res judicata*. (R&R (Doc. No. 30) at 8-9.) Before the magistrate judge, in both his original and supplemental submissions, and again in his objections, defendant concedes that there is no controlling authority to suggest that the inquiries made by immigration agents on which the defendant claims to have relied are the types of binding decision-making that will result in either claim or issue preclusion. *Flaherty v. Lang*, 199 F.3d 607, 612-13 (2d Cir. 1999) (entry of final judgment or its

equivalent prerequisite for claim or issue preclusion). Defendant's objections merely reiterate his conclusory, unsupported statement that such interactions were both "investigatory <u>and</u> adjudicatory" (Obj. (Doc. No. 31) at 1-2), which assertion the magistrate judge rejected as "in tension with cases that have addressed similar issues." (R&R (Doc. No. 30) at 9, citing *Cospito v. Attorney General of the United States*, 539 F.3d 166, 169 (3d Cir. 2008).)[4] Thus, Simpson's immigration counsel was not ineffective in failing to raise these arguments.

Second, the magistrate judge also found no viable basis for equitable estoppel to support a claim of ineffective assistance. As the magistrate judge properly noted, this principle is not available against the government "except in the most serious of circumstances." (R&R (Doc. No. 30) at 10.) As the magistrate judge found, defendant has failed to demonstrate that this is one of those cases. (*Id*. at 10-14.) Defendant notes his disagreement with the magistrate's finding that the immigration authorities were simply negligent (Obj. (Doc. No. 31) at 2), but does so through unsupported, conclusory arguments that ignore the case law and thorough analysis on which the magistrate judge relied in support of his negligence finding.[5] *See, e.g.*, *Dhine v. Slattery*, 3 F.3d 613 (2d Cir. 1993); *Azizi v. Thornburgh*, 908 F.2d 1130, 1136. (2d Cir. 1990).

Third, as he did before the magistrate judge, defendant renews his claims of ineffective assistance of counsel grounded in the same arguments related to defendant's eligibility for section 212(c) relief. (Obj. (Doc. No. 31) at 2-3.) Simpson argues in his objections that but for the misrepresentation about his immigration status in 1988, he would not have later pled guilty to

---

[4] Defendant's reliance, both here and before the magistrate judge, on *Medina v. INS*, 993 F.2d 499 (5th Cir. 1993) is inapposite. (Obj. (Doc. No. 31) at 2.) There, immigration authorities participated at the hearing before the immigration judge, conceded Medina's citizenship and waived appeal. *Id*. at 503-04 & n.18. These circumstances, held to be adjudicatory, are hardly analogous to the situation at bar.

[5] Moreover, as the magistrate judge properly held, courts may not use equitable estoppel to confer citizenship on an alien who has no statutory right to it. *Pangilinan v.INS*, 486 U.S. 875 (1988). While defendant does not challenge whether he is, in fact, entitled to derivative citizenship, the magistrate judge properly concluded that "there was no view of the facts that would have given [immigration counsel] any reason to argue for citizenship by estoppel [and] his failure to do so was neither a sign of incompetence nor prejudicial." (R&R (Doc. No. 30) at 12; *see Mustanich v. Mukasey*, 518 F.3d 1084, 1089-90 (9th Cir. 2008).) Defendant does not challenge this finding in his objections.

4

several criminal charges that rendered him ineligible for relief from deportation under Section 212(c). Def.'s Objections (Doc. No. 31) at 2-3. Again, the same argument appears in Simpson's reply. *See* Def.'s Reply (Doc. No. 17) at 5-6. Thus, Simpson is merely rehashing equitable estoppel arguments he made to the magistrate judge. Moreover, the magistrate judge correctly rejected these claims on several grounds with which this Court, on *de novo* review, wholly agrees. (R&R (Doc. No. 30) at 14-17.)

Finally, defendant asserts here, as he did before the magistrate judge, that counsel was ineffective for advising defendant not to appeal the finding of the immigration judge at the 2005 deportation proceeding. (Obj. (Doc. No. 31) at 3.) Because defendant has not identified any meritorious argument to be raised either before the immigration judge or on appeal, counsel's conduct could not be considered ineffective, nor could defendant have been prejudiced in any way. (*See* R&R (Doc. No. 30) at 17-18.)

## CONCLUSION

Based upon a *de novo* review of the magistrate judge's thorough and well-reasoned R&R (Doc. No. 30), the factual and procedural record upon which it is based, and after consideration of defendant's objections (Doc. No. 31), the R&R is adopted in its entirety. Accordingly, defendant's motion to dismiss the indictment (Doc. Nos. 14, 15) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      February 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge